## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, INC.<br><br>Plaintiff,<br><br>*v.*<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C § 552 *et. seq.***<br><br>Civil Action No. 1:23-cv-09604 |

1.     Every year, hundreds of thousands of U.S. citizens, lawful permanent residents, and other immigrants—including tens of thousands of refugees and asylees whose family abroad are at grave risk—apply for their family members to join them in the United States. U.S. Citizenship & Immigration Services ("USCIS") regulations and policies govern the adjudication of these applications, including the types of evidence required to establish the existence of a qualifying family relationship. Often, families wait years for a decision on their application for family reunification. Average USCIS wait times have grown exponentially in recent years.[1]

2.     When processing applications for family reunification, USCIS may issue a request for additional evidence ("RFE") or a notice of intent to deny ("NOID") if it believes that the applicant did not submit sufficient evidence to prove a qualifying family relationship.

---

[1] *See*, *e.g.*, U.S. Citizenship & Immigr. Servs., *Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms by Fiscal Year*, https://egov.uscis.gov/processing-times/historic-pt (last visited Nov. 1, 2023) (median processing times for Form I-730 Refugee/Asylee Relative Petitions increased from 10.1 months in FY18 to 28.6 months in FY22).

3.      An RFE or NOID can considerably delay processing of a family-based immigration application. Collecting additional evidence can be burdensome, time-consuming, or even impossible. This is particularly true for refugees and asylees, many of whom cannot safely obtain official documentation from their country of origin.

4.      In recent years, Plaintiff International Refugee Assistance Project ("IRAP") has observed an increase in USCIS issuing RFEs and NOIDs to petitioners from Muslim-majority countries who seek to have their families join them in the United States. Many of these RFEs and NOIDs appear to be unnecessary, redundant, or otherwise in violation of USCIS's published regulations and policies. These RFEs and NOIDs often delay the time that refugee families spend waiting for a decision by months or years.

5.      To better understand current agency policies—and the seemingly disproportionate issuance of RFEs and NOIDs to nationals of Muslim-majority countries—IRAP submitted a Freedom of Information Act ("FOIA") request to Defendant USCIS in May 2023. This request asked for up-to-date agency policies and guidelines around the issuance of RFEs and NOIDs in the context of family-based immigration applications, as well as nationality-specific data on RFE/NOID issuance for refugees and asylees applying for family reunification.

6.      To date, USCIS has not made any determination with respect to IRAP's FOIA request. IRAP brings this action under the FOIA to compel production of these important records.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331.

8.      Venue   is   proper   in   this   district   under   5 U.S.C. § 552(a)(4)(B)   and 28 U.S.C. §§ 1391(e) because Plaintiff IRAP's principal place of business is in the Southern District of New York.

## PARTIES

9.      Plaintiff IRAP is a 501(c)(3) non-profit corporation headquartered at One Battery Park Plaza, 33rd Floor in New York, NY.

10.     Defendant USCIS is a component agency within the U.S. Department of Homeland Security. USCIS processes applications for family-based immigration benefits, including applications by refugees and asylees seeking to bring their families to the United States. USCIS reviews the evidence submitted by the petitioning relative and may issue an RFE or NOID seeking additional evidence of a family relationship.

## STATEMENT OF FACTS

### A.  IRAP's Work to Reunite Refugee Families and Other Displaced People

11.     IRAP is a global legal aid and advocacy organization with a mission to create a world where refugees and all people seeking safety are empowered to claim their right to freedom of movement and a path to lasting refuge.

12.     IRAP provides direct legal assistance to refugees and others seeking security, and works with a global network of student advocates, pro bono partners, and supporters to deliver legal solutions for displaced people. Informed by its direct services work, IRAP also engages in media and policy advocacy, as well as impact litigation, to address systemic issues affecting refugees and others in need of a safe home.

13.     Family reunification lies at the core of IRAP's work. IRAP has previously and is currently representing dozens of clients seeking to reunite with their family members in the United

States. And it advocates for changes that will make family reunification pathways more equitable, efficient, and transparent.[2]

14.     Disseminating information is an integral component of IRAP's mission. IRAP publishes policy reports on issues relevant to displaced populations. IRAP creates and maintains "Know Your Rights" legal summaries and other educational materials on its websites, including resources for legal practitioners. This includes specific guidance about family reunification pathways, including how applicants can try to avoid delays that stem from unnecessary RFEs and NOIDs.[3]

15.     IRAP's guidance is based on publicly available information: without access to current USCIS policies and guidelines around issuing RFEs and NOIDs, IRAP's ability to counsel practitioners and applicants is limited.

16.     To engage in its mission-driven work, IRAP relies on FOIA requests, such as the request underlying this lawsuit, to understand governmental policies affecting refugee families. IRAP regularly organizes and publishes documents obtained through FOIA on its website for use by advocates.[4]

---

[2] *See, e.g.*, Press Release, Int'l Refugee Assistance Project, *On World Refugee Day, Calls for Biden Administration to Accelerate Family Reunifications* (June 20, 2023), https://refugeerights.org/news-resources/on-world-refugee-day-calls-for-biden-administration-to-accelerate-family-reunifications.

[3] *See, e.g.*, Int'l Refugee Assistance Project, *Practice Advisory: Avoiding Requests for Evidence in Refugee Family Reunification Petitions*, (Sept. 15, 2023), https://refugeerights.org/news-resources/practice-advisory-avoiding-requests-for-evidence-in-refugee-family-reunification-petitions; *see also* Int'l Refugee Assistance Project, *Families in Limbo: What the Biden Administration Can Do Now to Address Unreasonable Delays in Refugee and Asylee Family Reunification* (2021), *available at* https://refugeerights.org/wp-content/uploads/2021/03/FTJ-Report-FINAL.pdf.

[4] *See, e.g.*, Int'l Refugee Assistance Project, *IRAP Obtains USCIS Guidance on Humanitarian Parole Applications Through FOIA Litigation*, https://refugeerights.org/news-resources/irap-obtains-uscis-guidance-on-humanitarian-parole-applications-through-foia-litigation (last visited Nov. 1, 2023).

**B. USCIS's Evaluation of Family-Based Immigration Applications**

17.     U.S. citizens and lawful permanent residents can apply for certain family members—including a parent, spouse, child, or sibling—to join them in the United States by filing a Form I-130 petition with USCIS.

18.     Refugees and asylees can apply for their spouse or child to join them in the United States by filing a Form I-730 petition with USCIS.

19.     After an I-130 or I-730 is filed, USCIS must determine whether the petitioner has a qualifying family relationship with the beneficiary.

20.     If the evidence submitted with the petition establishes the requisite relationship, USCIS may—and in some cases, must—approve the petition. 8 C.F.R. § 103.2(b)(8).

21.     If USCIS determines that the evidence submitted with the petition does not establish the requisite relationship, it may issue an RFE or NOID.

22.     Department of Homeland Security regulations and USCIS policies govern USCIS's evaluation of evidence and detail the evidence that USCIS will view as sufficient proof of a qualifying relationship.

23.     However, USCIS sometimes issues RFEs and NOIDs that do not appear to comply with currently published regulations and guidelines.

24.     For example, USCIS considers certain documents, such as government-issued birth and marriage certificates, to be primary evidence. Primary evidence is evidence that, on its own, proves an eligibility requirement. USCIS Policy Manual, Vol. 1, Pt. E, Ch 6, *available at* https://www.uscis.gov/policy-manual/volume-1-part-e-chapter-6 (last visited Nov. 1, 2023).

25.     Nonetheless, USCIS has issued RFEs or NOIDs to refugee petitioners who submitted primary evidence of their relationships.

26.    RFEs and NOIDs can substantially delay processing of family-based immigration applications.

27.    Through its FOIA request, IRAP seeks to better understand how USCIS evaluates evidence of familial relationships and what evidence is sufficient in the first instance.

### IRAP's FOIA Request to USCIS

28.    On May 5, 2023, IRAP submitted a FOIA request to USCIS via the agency's online portal. A copy of IRAP's request ("FOIA Request" or "Request") is attached as **Exhibit A**.

29.    IRAP's request seeks disclosure of all final policy memoranda, standard operating procedures, and/or similar records related to how and when USCIS issues RFEs and NOIDs to determine eligibility for family-based immigration benefits, including how USCIS uses the State Department's visa reciprocity table.

30.    IRAP's request also seeks disclosure of data related to approval and denial rates, and numbers of RFEs and NOIDs, by nationality, for I-730 Refugee/Asylee Relative Petitions.

31.    In a letter dated May 5, 2023, USCIS acknowledged that it received the FOIA Request and granted IRAP's request for a fee waiver.

32.    As of the filing date of this Complaint, USCIS has not made any determination with respect to the FOIA Request.

33.    IRAP has exhausted its administrative remedies with respect to the FOIA Request because USCIS failed to comply with FOIA's time limit provisions. *See* 5 U.S.C. § 552(a)(6)(C)(i).

### CLAIM FOR RELIEF

34.    Plaintiff has a legal right under FOIA to obtain the specific records sought in the FOIA Request.

35.     Defendant violated the law by failing to respond to the FOIA Request in a timely manner, to conduct a reasonable search for records responsive to the Request, and to promptly make the requested records available to Plaintiff. *See* 5 U.S.C. § 552(a); 6 C.F.R. §§ 5.5–5.6.

36.     Defendants currently have possession, custody, or control of the requested records.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.      Declare that Defendant violated FOIA by unlawfully withholding the requested records;

2.      Order Defendant to conduct a reasonable search for the requested records and to disclose them to Plaintiff in their entireties and requested format as soon as practicable;

3.      Review any and all of Defendant's decisions to redact or withhold information in the requested records as exempt from disclosure;

4.      Award Plaintiff costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

5.      Grant other such relief as the Court may deem just and proper.


Dated: November 1, 2023                         Respectfully submitted,

                                                /s/ Alexandra Zaretsky
                                                Alexandra Zaretsky
                                                Mariko Hirose
                                                One Battery Park Plaza, 33rd Floor
                                                New York, NY 10004
                                                Tel: (516) 701-4620
                                                azaretsky@refugeerights.org
                                                mhirose@refugeerights.org